[No. 1401.   December 6, 1911.]

TERRITORY OF NEW MEXICO, Appellee, v. OSCAR F. CHENEY, Appellant.

SYLLABUS (BY THE COURT).

1. An order of a District Court denying a motion for a change of venue, will not be reversed by this court unless the record shows an abuse of discretion, which, in this case, it does not.

2. The instructions to the jury by the trial court, on the right of self-defense, as affected by appearances from the defendant's standpoint, were appropriate and sufficient when taken together.

Appeal from the District Court for Roosevelt County, before WILLIAM H. POPE, Chief Justice. Affirmed.

. G. L. REESE and T. E. MEARS for Appellant.

Change of venue. Territory v. Taylor, 11 N. M. 595; Laws 1882, chap. 9; C. L. 1897, secs. 2879, 2881-2884; Territory v. Leary, 8 N. M. 180; Territory v. Gonzales, 11 N. M. 447; Rules of Practice for District Courts No. 7; Anschicks v. State, 45 Tex. 148; Lady Franklin Min. Co. v. DeLaney, 4 N. M. 56; People v. Yoakum, 53 Cal. 566; Lowry v. Hogue, 85 Cal. 600.

Instructions as to self-defense. 11 Enc. P. & P. 116; Wharton on Homicide, 3 ed., secs. 227, 286; Grainger v. State, 26 Am. Dec. 278, Tenn.; People v. Lennon, 71 Mich. 298; Wharton's Criminal Law, 10 ed., secs. 489-491; State v. Miller, 73 S. C. 277; Logue v. Commonwealth, 38 Pa. St. 265; Tillery v. State, 24 Tex. App. 251; Thompson v. State, 87 A. S. R. 453; Horne v. State, 81 Am. Dec. 499; Territory v. Pridemore, 4 N. M. 275.

FRANK W. CLANCY, Attorney General, for Appellee.

Change of venue. Territory v. Emilio, 14 N. M. 147; Territory v. Gonzales, 11 N. M. 315; Territory v.

Leary, 8 N. M. 182. Instructions must be taken as a whole. Pinkerton v. Ledoux, 3 N. M. 410; Territory v. Garcia, 12 N. M. 98; U. S. v. Densmore, 12 N. M. 106; Territory v. Livingston, 13 N. M. 327.

Instructions as to self-defense. Brickwood's Sackett on Instructions, secs. 3101-3108.

## OPINION OF THE COURT.

ABBOTT, J.—The appellant was found guilty of murder in the second degree, by the District Court of Roosevelt County, in March, 1911, and judgment was entered accordingly; from which he appealed to this court. The essential facts appear in the opinion. The errors assigned in behalf of the appellant are, first, that there was an abuse of discretion by the trial court in refusing him a change of venue; and, second, that the instructions to the jury were not such as he was entitled to have given. The course which should be followed in the district courts on an application for a change of venue has been established by decisions of this court. Territory v. Emilio, 14 N. M. 147; Territory v. Gonzales, 11 N. M. 315-318; Territory v. Leary, 8 N. M. 182. The witnesses produced in support of the application should be examined in court, as to knowledge and interest, and if the presiding judge is of the opinion that their testimony does not establish the grounds of the motion, he should deny it. Ordinarily this court will accept the decision of the trial judge as to the sufficiency of the testimony, without examination of the evidence itself. Yet when it is claimed that there was an abuse of discretion by the trial court, this court should determine from the record whether the claim is well founded. In the present case, the testimony of the two witnesses produced in behalf of the defendant, shows that they did not claim to know the state of public feeling towards the defendant throughout the County of Roosevelt, but only in certain limited parts of it, and even if they were right in believing that such prejudice against him existed in those places, that unbiased persons for his trial could not be obtained from them, it still might be that fair jurors could be obtained

from other parts of the county as to which there was no evidence. The record wholly fails to show any abuse of discretion by the trial court.

Counsel for the appellant quote in their brief certain instructions given to the jury, which, they say, "made the jury the judge of the necessity to kill in self-defense," regardless of "the appearance of danger from the defendant's standpoint," and of "whether or not he acted in an honest fear of his life or great bodily harm." It is true that some of the instructions as quoted, contain no reference to that feature of the law, but in other instructions it was fully covered. In one given at the defendant's request occurs this language: "The court instructs you that a person acting in the lawful defense of himself, need not be in actual imminent peril of his life or of great bodily harm before he may slay his assailant; it is sufficient if, in good faith he has a reasonable belief, from the facts as they appear to him at the time, that he is in such imminent peril." And instruction 37 is as follows: "I charge you, however, that all that is said here on the subject of self defense is subject to the following principles: The law is, that if a person is assaulted in such a way and under such circumstances as to produce in the mind of a reasonable person a belief that he is in actual danger of losing his life or suffering great bodily harm he will be justified in defending himself although the danger be not real, but only apparent. Such a person will not be held responsible criminally if he acts in self defense from real and honest fear as to the character of the danger, induced by reasonable evidence, although he may be mistaken as to the extent of the real danger." It is usually not practicable to cover all the points of such a case by a single instruction, and it has been repeatedly held by this court that instructions should be construed together. Pinkerton v. Ledoux, 3 N. M. 410; Territory v. Garcia, 12 N. M. 98; U. S. v. Densmore, 12 N. M. 106; Territory v. Livingston, 13 N. M. 327. The other errors assigned do not require specific discussion. The judgment of the District Court is affirmed.